BENDER, APPELLANT, *v.* BOARD OF EDUCATION OF CITY SCHOOL DISTRICT OF CITY OF TOLEDO, APPELLEE.

(No. 3989—Decided January 17, 1944.)

*Mr. Wm. B. Guitteau, Mrs. Josephine L. Guitteau, Messrs. Hackett & Lynch, Mr. Moe L. Okun* and *Mr. Marvyn R. Lachin,* for appellant.

*Messrs. Christensen & Christensen,* for appellee.

STUART, J.   This is. an appeal on questions of law from the judgment of the Court of Common Pleas of Lucas county entered upon a verdict directed for the defendant, board of education of the city of Toledo, by the court at the end of the plaintiff's case.

The plaintiff, Emma Bender, was appointed in 1930, by the director of schools of Toledo, to a position as janitress in the public schools, which appointment was duly confirmed by the defendant.

Immediately upon receiving her notice of employment she went to work for the defendant and performed her duties satisfactorily until her voluntary retirement in the year 1940.   She was not dismissed for cause, the relation did not terminate until her voluntary retirement in 1940, and was never dissolved until her retirement. She sought to recover in that action the difference between the amount of salary paid her by defendant for the years 1931 through 1938 and the amount of salary which she claims should have been paid.

During the period of plaintiff's employment, due to the financial depression throughout the country, the finances of the defendant were in a precarious and uncertain condition, chiefly because of nonpayment of taxes and assessments, and it was difficult for defendant to realize sufficient money to pay its obligations as they became due and keep the schools open and in operation   To meet this situation and to keep the schools functioning on the reduced funds available, the defendant, from time to time, adopted resolutions reducing the salaries and pay of its employees below that which had been paid for such services at the time of employment..

The plaintiff continued to perform her duties and, without protest, accepted the reduced payments from month to month during the entire period of these reductions.

Plaintiff claims the evidence establishes that appropriations were made by defendant exceeding the amount of its expenditures for the identical period. However, it does not appear that the revenues of the defendant equalled the appropriations in these periods and, although plaintiff claims that receipts from the payment of delinquent taxes exceeded the amount of the defendant's certified levy for its general fund, it is clear that this apparent excess had been previously hypothecated by the issue of bonds in anticipation of the collection of these delinquent taxes.

It is the contention of the plaintiff that her appointment by the director of schools and confirmation by the defendant (Section 7695, General Code, 114 Ohio Laws, 167) constituted "a contract binding both parties" as provided in Section 7699, General Code (97 Ohio Laws, 360), and under it her salary status was fixed for the entire time she was so employed. The latter section was formerly a part of Section 4017, Revised Statutes of Ohio, and the last attention given it by the Legislature was in the 1910 codification, when it was given a separate section number.

If that statute stood alone, plaintiff's contention would seem to be well founded, but since the Legislature last gave attention to that law, the Constitution was amended in 1912, and there was adopted Section 10 of Article XV, requiring a civil service system which was promptly set up in 1913, by the Legislature in Section 486-1 *et seq.*, General Code. By Section 486-1, employment such as plaintiff's by "city school districts," was included. By Section 486-8 (b) 2, such employment was placed in the classified service as unskilled labor. The tenure of such employment was

fixed by Section 486-17a as "during good behavior and efficient service."

The whole law contemplates possible reductions in pay and Section 486-17 provides how they are to be made. So far as this record discloses, the spirit of that section was complied with in other pay changes that were made by the defendant and there was no discrimination against plaintiff; in other words, all employees in her class were treated alike in respect to wages.

The security the civil service law brought to many public servants has been a great boon and has meant a whole-life employment to them. The scheme of the system with its tenure feature is such that the power of the appointing or supervising authority to revise wages from time to time to meet the changing exigencies created by depreciation of available public funds, must of necessity be implied. In fact, the civil service law defines the entire employment status of all persons in the classified service, and it rendered Section 7699, General Code, inoperative as to such employees of a city school district.

It is interesting to note that in the school code act, which includes Section 4830 *et seq.*, General Code, passed in 1943, Section 7699 was repealed and nothing analogous to it was enacted.

There being no prejudicial error in the record, the judgment is affirmed.

*Judgment affirmed.*

Lloyd and Carpenter, JJ., concur.

On Application for rehearing.

By the Court. Since the decision was announced herein, the court has been furnished with a copy of an opinion of the Attorney General, No. 6621, dated Jan-

uary 17, 1944, in which he reaches the same conclusion with reference to the authority of a board of education to issue delinquent-tax bonds. His opinion is lengthy, cites the various sections of the Code with reference to appropriations and budget procedure, and gives their application.

Adhering to our opinion, the application for a rehearing is denied.

*Application denied.*

LLOYD, CARPENTER and STUART, JJ., concur.