DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, Alan D. Johns, appeals from his conviction and sentence by the Summit County Court of Common Pleas. We affirm.
At approximately 4:30 p.m. on November 24, 1996, Officer Tracy Mahota stopped a black Chevy Monte Carlo driven by Defendant. Danny Davis was in the right front passenger seat, and Danny Cummings was in the right rear passenger seat. Officer Mahota stopped the vehicle because her computer indicated that it was registered to Danny Davis. The computer also disclosed that an active misdemeanor warrant was out for Davis' arrest. Upon arresting the owner of the vehicle, Danny Davis, Officer Mahota conducted an inventory search of the car and recovered the personal property of Walter Krueger, who resides at 681 Lovers Lane, Akron. Items found in the car included the following: stereo equipment, a gold pocket watch with the inscription "To Cliff from Mom and Dad" (Walter has a son named Clifford), a telephone, an answering machine, a decorative fan, jewelry, and other items.
On December 10, 1996, the Summit County Grand Jury indicted Defendant for Burglary, R.C. 2911.12(A)(2), and for Receiving Stolen Property, R.C. 2913.51. After a trial, the jury acquitted Defendant of burglary and found Defendant guilty of receiving stolen property, a felony of the fifth degree. The trial court sentenced Defendant to one year of incarceration for the receiving stolen property conviction.
Defendant timely appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court abused its discretion and erred to the prejudice of appellant by allowing the state to impeach the state's witnesses where there was neither surprise nor affirmative damage.
Defendant contends that the trial court abused its discretion by allowing the prosecution to impeach two witnesses, Danny Davis and Daniel Cummings, where neither surprise nor affirmative damage was demonstrated. We disagree.
Absent a showing that a substantial right of a party has been affected, the admittance of evidence is within the discretion of a trial court and will only be disturbed where the trial court has abused its discretion. State v. Moore (1991), 74 Ohio App.3d 334,342. See State v. Long (1978), 53 Ohio St.2d 91, 98. An abuse of discretion connotes that the trial court's attitude was unreasonable, arbitrary, or unconscionable. State v. Moore,74 Ohio App. 3 at 342. See State v. Adams (1980), 62 Ohio St.2d 151,157.
Evid.R. 607 provides in part:
 [w]ho may impeach. The credibility of a witness may be attacked by any party except that the credibility of a witness may be attacked by the party calling the witness by means of a prior inconsistent statement only upon a showing of surprise and affirmative damage. * * *.
Accordingly, two factors must be demonstrated. First, "[s]urprise can be shown if the testimony is materially inconsistent with the prior written or oral statements[,] and counsel did not have reasons to believe that the witness would recant when called to testify." Dayton v. Combs (1993), 94 Ohio App.3d 291, 299. Second, "`[a]ffirmative damage' can be established only if the witness testifies to facts which contradict, deny, or harm the calling party's trial position." Id. The Staff Note to Evid.R. 607 provides in part:
 [r]equiring a showing of affirmative damage is intended to eliminate an `I don't remember' answer or a neutral answer by the witness as a basis for impeachment by a prior inconsistent statement.
See State v. Stearns (1982), 7 Ohio App.3d 11, 15.
Danny Davis testified that he was at Daniel Cummings' residence, 685 Lovers Lane, at the same time as Defendant, and that Defendant left and returned. Davis further stated that he did not see if Defendant had any property in his hands when he returned. The prosecution then sought to impeach Davis with the prior statement that he had made to the detective that Defendant had a stereo and a gym bag in his hands when he returned. Thereafter, Daniel Cummings testified that Danny Davis asked Cummings and Defendant if they wanted to help him break into a house. The prosecution then sought to impeach Cummings with the prior statement that he had made to the detective that Defendant asked him if he wanted to break into a house.
The prosecution demonstrated surprise because Davis' and Cummings' statements were materially inconsistent with the prior direct evidence statements that they had provided to the detective. In addition, the prosecution did not have reason to believe that these witnesses would testify otherwise. The prosecution further showed affirmative damage because the witnesses' trial statements tended to disprove that Defendant had the requisite mental state for and was the perpetrator of burglary and receiving stolen property. In fact, the jury acquitted Defendant of the burglary charge. Clearly, the prosecution's trial position was damaged. Based on the foregoing, we find that the trial court did not abuse its discretion by permitting the prosecution to impeach Davis and Cummings.
Defendant's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
DICKINSON, J.
CONCUR.