I agree with principal opinion's conclusion that the law enforcement officers failed to comply with the R.C. 2935.12
"knock and announce" requirement. I write separately to further explain my position on this issue.
R.C. 2935.12 sets forth Ohio's knock and announce procedures. The statute prohibits law enforcement officers from forcibly entering the premises unless certain requirements are met. The statute provides, in relevant part:
 (A) When making an arrest * * *, the peace officer, law enforcement officer, or other authorized individual * * * making the arrest * * * may break down an outer or inner door or window of a dwelling house or other building, if, after notice of his intention to make the arrest, he is refused admittance * * *.
Thus, pursuant to R.C. 2935.12, law enforcement officers may not forcibly enter premises unless: (1) the officers first give notice of their intention to execute an arrest; and (2) the officers are refused admittance.
A refusal to admit may be actual or constructive. SeeState v. Valentine (1991), 74 Ohio App.3d 110, 113,598 N.E.2d 82, 84; State v. DeFiore (1979), 64 Ohio App.2d 115,411 N.E.2d 837. Officers are constructively refused admittance when the occupant of the premises fails to respond to the officers within a reasonable period of time.[1] See United States v. Moore
(C.A. 10, 1996), 91 F.3d 96, 98; People v. Riddle (Ill.App. 1994), 258 Ill. App.3d 253, 630 N.E.2d 141. Once a reasonable period of time has elapsed and the officers are thus constructively refused admittance, the officers may use force to enter the premises. If, however, law enforcement officers fail to wait until a reasonable period of time has elapsed prior to using force, the officers' actions violate the knock and announce statute.
I note, however, that an officer's failure to comply with the knock and announce statute does not necessarily invalidate the ensuing arrest or search. The otherwise invalid entry may nevertheless be upheld if exigent circumstances exist that excuse the officer's noncompliance with the statute. SeeRichards, supra; Wilson, supra; Valentine,74 Ohio App.3d at 114, 598 N.E.2d at 85; DeFiore, 64 Ohio App.2d at 117,411 N.E.2d at 838; State v. Roper (1985), 27 Ohio App.3d 212, 213,500 N.E.2d 353, 354. As the court stated in Wilson, the "flexible requirement of reasonableness should not be read to mandate a rigid rule of announcement that ignores countervailing law enforcement interest." Wilson,514 U.S. at 934, 115 S.Ct. at 1918, 131 L.Ed.2d 976.
Countervailing law enforcement interests (exigent circumstances) may include an officer's fear for his physical safety or an officer's reasonable belief that "evidence would likely be destroyed if advance notice were given."Id., 514 U.S. at 936, 115 S.Ct. at 1919, 131 L.Ed.2d 976. If such countervailing law enforcement interests are present, the officers may dispense with the knock and announce procedures.Id., 514 U.S. at 934, 115 S.Ct. at 1918, 131 L.Ed.2d 976. InGaston v. Toledo (1995), 106 Ohio App.3d 66, 75,665 N.E.2d 264, 270, the court wrote:
 "It is well settled law that where officers hold a reasonable belief that they are in danger of bodily harm or that suspects are trying to escape or destroy evidence, compliance with the knock-and-announce principle is excused. See, e.g. Furry, 31 Ohio App.2d at 113, 60 O.O.2d at 199, 286 N.E.2d at 305."
In determining whether a law enforcement officer's failure to comply with the knock and announce procedures is justified, theRichards court formulated the following "case-by-case" standard:
 "In order to justify a 'no-knock' entry, the police must have a reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence."
Id., ___ U.S. ___, 117 S.Ct. at 1421, 137 L.Ed.2d 615; see, also, Ker v. California (1963), 374 U.S. 23, 83 S.Ct. 1623,10 L.Ed.2d 726 (Brennan, J., dissenting); Valentine, 74 Ohio App. 3
d at 114, 598 N.E.2d at 84-85.
Many cases provide that the mere presence of a weapon is generally insufficient to justify an officer's fear for his safety. Rather, the officer must relate facts establishing that "the suspect was armed and likely to use a weapon or become violent." United States v. Bates (C.A.6, 1996), 84 F.3d 790,795; see, also, United States v. Nabors (C.A.6, 1990),901 F.2d 1351, 1354, certiorari denied (1990), 498 U.S. 871,111 S.Ct. 192, 112 L.Ed.2d 154; United States v. Spinelli (C.A.2, 1988),848 F.2d 26, 30. As the court stated in Bates, 84 F.3d at 795:
 "Evidence that firearms are within a residence, by itself, is not sufficient to create an exigency to officers when executing a warrant. * * * However, threats to an officer's safety, a criminal record reflecting violent tendencies, or a verified reputation of a suspect's violent nature can be enough to provide law enforcement officers with justification to forego the necessity of knocking and announcing their presence."
(citations omitted); see, also, Thompson v. Mahre (C.A.9, 1997)110 F.3d 716 (suspect was a violent "career criminal"); UnitedStates v. Hudson (C.A.9, 1996), 100 F.3d 1409 ("mild" exigent circumstances when suspect possesses firearm); United States v.Stowe (C.A.7, 1996), 100 F.3d 494 (suspect had a prior criminal record); United States v. Reed (C.A.9, 1994), 15 F.3d 928
(exigent circumstances when officers knew suspect had a criminal record and suspected that suspect might be armed);United States v. Kennedy (C.A.4, 1994), 32 F.3d 876 (suspect had criminal record); United States v. Bonner (D.C. Cir. 1989),874 F.2d 822, 826 (possibility of danger to officers one of "the most common and compelling" circumstances that establishes exigency); United States v. McConney (9 C.A., 1984),728 F.2d 1195, certiorari denied (1984), 469 U.S. 824, 105 S.Ct. 101,83 L.Ed.2d 46, certiorari denied (1991), 502 U.S. 840,112 S.Ct. 130, 116 L.Ed.2d 97 (suspect had prior violent felony conviction).
Professor LaFave discusses this topic in his treatise at 3 LaFave, Search and Seizure (3 Ed. 1996), Section 6.2(d) page 291 as follows:
 "Similarly, when entry without notice is undertaken to minimize the danger to the arresting officer, it is not enough that the person to be arrested is known to own some type of firearm. But it is sufficient that the officers have information tending to show that this person would actually be armed with the weapon, or that he 'had previously expressed his willingness to use firearms against the police.' Likewise, entry without notice is justified when the police are seeking two men who had previously killed three policemen. This is not because of any blanket rule that all persons wanted for the crime of murder could reasonably be expected to offer forcible resistance, but rather because of the nature and circumstances of the particular homicides. Entry without notice is also justified when it will serve to prevent harm to some other person, but once again this risk must be established by the circumstances of the individual case."[2]
The possibility that a suspect may destroy evidence of a crime may also create an exigent circumstance. The officers must establish, however, that "they had 'a reasonable belief that the loss or destruction of evidence (was] imminent.' "Bates, 84 F.3d at 796 (quoting United States v. Radka (C.A.6, 1990), 904 F.2d 357, 362).
 "The mere possibility or suspicion that a party is likely to dispose of evidence when faced with the execution of a search warrant is not sufficient to create an exigency. * * * Nor is the generalized and often recognized fear that destruction of evidence is an inherent possibility during the execution of a warrant adequate grounds to find exigent circumstances, * * * although this is more likely to be accepted when the drugs are in easily disposable quantities."
Bates, 84 F.3d at 796; see, also Thompson, supra (suspect was believed to be in possession of easily disposable narcotic);Kennedy, supra (suspect had easily disposable narcotics inside premises); United States v. Garcia (C.A.1, 1993), 983 F.2d 1160
(easily disposed of contraband); Bonner, supra (possibility of destruction of evidence one of "the most common and compelling" circumstances that establishes exigency).
In the case sub judice, the parties limited the suppression issue to the officers' alleged failure to comply with the R.C.2935.12 knock and announce requirement. During the suppression hearing, Deputy Bettencourt testified: (1) that Carol Brown informed officers that she wished to file a domestic violence complaint against appellant stemming from an incident that occurred earlier that evening; (2) that Brown had already left the residence; (3) that Brown informed the officers that appellant would be found asleep at the residence; and (4) that the back door would be unlocked. Deputy Bettencourt further testified that he and the other officers did not "knock and announce" prior to entering appellant's residence because: (1) appellant owned a 9mm handgun; and (2) the sheriff's department's protocol in domestic violence situations encouraged entry into the residence in that manner.[3]
After my review of the evidence adduced at the suppression hearing, I must conclude that insufficient evidence exists to establish a threat to the officers' safety that would permit entry into appellant's residence absent compliance with the R.C. 2935.12 knock and announce requirement. Although Deputy Bettencourt testified that appellant had a handgun in the residence, I found no additional evidence establishing threats to the officers' safety. In particular, I found no evidence indicating that appellant: (1) had a criminal record reflecting a violent nature; (2) had a reputation for violence; or (3) had ever expressed of demonstrated a willingness to use a firearm against police officers. Further, the underlying domestic violence offence did not appear to involve the handgun.
Thus, the fact that a weapon may be located in a suspect's residence does not, standing alone, excuse an officer's compliance with the statute. Many citizens own weapons and present no threat to law enforcement officers' safety. If, however, a particular suspect does possess a weapon and does constitute a threat to an officer's safety, the officer's compliance with the statute's requirements will be excused. Unfortunately, in the case at bar insufficient evidence exists to establish a valid threat to the officers' safety.
Accordingly, based upon the foregoing reasons I concur with the judgment rendered in the principal opinion.
[1] A reasonable period of time is generally thought to mean a sufficient period of time to allow the occupant the opportunity to open the door. See generally Richards v. Wisconsin (1997), ___ U.S. ___, 117 S.Ct. 1416, 1421 n. 5, 137 L.Ed.2d 615
(stating that an occupant should be given enough time to "pull on clothes or get out of bed"); Tatman v. State (Del. 1974)320 A.2d 750.
In most cases, courts have held that thirty seconds is a reasonable period of time to imply a constructive refusal. See,e.g., United States v. Schenk (8 C.A. 1993), 983 F.2d 876, 879;United States v. Ramos (9 C.A., 1991), 923 F.2d 1346, 1355-56;People v. Songer (Ill.App. 1992), 594 N.E.2d 405, 410. But seeUnited States v. Knapp (C.A. 10, 1993), 1 F.3d 1026, 1031 (ten to twelve second interval sufficient to constitute constructive refusal).
[2] In the footnote to above quoted paragraph, Professor LaFave lists the following cases that illustrate this point:
"State v. Piller, 129 Ariz. 93, 628 P.2d 976 (App. 1981) (not sufficient that police knew that at some earlier time defendant had negotiated for the purchase of a handgun); People v.Bennetto 10 Cal.3d 695, 111 Cal.Rptr. 699, 517 P.2d 1163
(1974); United States v. DeParias, 805 F.2d 1447 (11th Cir. 1986) (bulletin said kidnapping-murder defendants armed and dangerous); United States v. Ramirez, 770 F.2d 1458 (9th Cir. 1985) (officer received teletype that defendants considered armed and extremely dangerous; they suspects in kidnapping-murder and knew FBI looking for them); United Statesv. Guyon, 717 F.2d 1536 (6th Cir. 1983) (defendant was an armed fugitive from justice); People v. Winters, 97 Ill.2d 151, 73 Ill.Dec. 439, 454 N.E.2d 299 (1983) (defendants within had committed armed robbery minutes before); Commonwealth v.Cundriff, 382 Mass. 137, 415 N.E.2d 172 (citations omitted); see, also, Thompson v. Mahre (C.A.9, 1997) 110 F.3d 716
(suspect was a violent "career criminal"); United States v.Hudson (C.A.9, 1996), 100 F.3d 1409 ("mild" exigent circumstances when suspect possesses firearm); United States v.Stowe (C.A.7, 1996), 100 F.3d 494 (suspect had a prior criminal record); United States v. Reed (C.A.9, 1994), 15 F.3d 928
(exigent circumstances when officers knew suspect had a criminal record and suspected that suspect might be armed);United States v. Kennedy (C.A.4, 1994), 32 F.3d 876 (suspect had criminal record); United States v. Bonner (D.C. Cir. 1989),874 F.2d 822, 826 (possibility of danger to officers one of "the most common and compelling" circumstances that establishes exigency); United States v. McConney (9 C.A., 1984),728 F.2d 1195, certiorari denied (1984), 469 U.S. 824, 105 S.Ct. 101,83 L.Ed.2d 46, certiorari denied (1991), 502 U.S. 840,112 S.Ct. 130, 116 L.Ed.2d 97 (suspect had prior violent felony conviction). (1980) (finding that police announcement "would have endangered themselves or others * * * is amply supported by the evidence that the defendant was suspected of participating in an armed robbery in which both handguns and a sawed-off shotgun had been used"); State v. Allison,298 N.C. 135, 257 S.E.2d 417 (1979) (murderer had just recently entered with rifle); Commonwealth v. Williams, 316 Pa. Super. 100,462 A.2d 813 (1983) (defendant committed crime with gun 6 hours earlier and no weapon found at scene); Commonwealth v. Stanley, 498 Pa.326, 446 A.2d 583 (1982) (defendant escaped from prison, for murder with firearm and was reported to be armed); UnitedStates v. Turner, 926 F.2d 883 (9th Cir. 1991) (sufficient even if police lacked "specific information that Turner currently had weapons"); Rodriguez v. Jones, 473 F.2d 599 (5th Cir. 1973). See also United States v. De Parias, 805 F.2d 1447 (11th Cir. 1986) (defendants wanted for brutal kidnapping and murder); Jones v. State, 440 So.2d 570 (Fla. 1983) (officer had just been shot from that apartment); People v. Marsh, 108 Mich. App. 659, 311 N.W.2d 130 (1981) (defendant had recently purchased a rifle, was registered at motel under an assumed name, and was wanted for armed robbery and murder)."
[3] The facts in the case sub judice may differ somewhat from the usual domestic violence situation in that the victim had left the residence before the officers arrived.