*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2001 FED App. 0353P (6th Cir.)
File Name: 01a0353p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

          *v.*                                    No. 00-5550

ANDRE JOHNSON,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 99-00083—Karl S. Forester, Chief District Judge.

Argued: June 12, 2001

Decided and Filed: October 3, 2001

Before: MARTIN and NORRIS, Circuit Judges; QUIST,
District Judge.*

───────────────

## COUNSEL

**ARGUED:** Ernesto M. Scorsone, Lexington, Kentucky, for
Appellant. James E. Arehart, ASSISTANT UNITED
STATES ATTORNEY, Lexington, Kentucky, for Appellee.

───────────────────

\* The Honorable Gordon J. Quist, United States District Judge for the
Western District of Michigan, sitting by designation.

1

**ON BRIEF:** Ernesto M. Scorsone, Lexington, Kentucky, for Appellant.    Charles P. Wisdom, Jr., Kevin C. Dicken, ASSISTANT UNITED STATES ATTORNEY, Lexington, Kentucky, for Appellee.

NORRIS, J., delivered the opinion of the court, in which QUIST, D. J., joined.  MARTIN, C. J. (pp. 6-9), delivered a separate dissenting opinion.

——————————

**OPINION**

——————————

ALAN E. NORRIS, Circuit Judge.    Defendant Andre Johnson appeals from a district court order denying a motion to suppress evidence seized during the execution of a no-knock search warrant.    After the denial of his motion, defendant entered into a conditional plea agreement pursuant to which he pleaded guilty to an information charging him with simple possession of crack cocaine, 21 U.S.C. § 844(a), but reserved the right to appeal the district court's decision regarding the motion to suppress.  For the reasons that follow, we affirm the order of the district court denying the motion.

On April 1, 1999, Edward Hart, a Lexington, Kentucky police detective, completed an affidavit that served as the basis of an application for a search warrant.  The affidavit indicated that an informant had reported crack cocaine was being sold from a house located at 163 Rand Avenue in Lexington. After vouching for the reliability of the informant, the affidavit went on to provide in part:

A no-knock search warrant is requested because the informant states that deals inside the house are usually done near the bathroom in case the police should come in the house.  Also, it has been the experience of Narcotics detectives that most of the dealers from Detroit have been armed when apprehended.

> Within the past 48 hours the affiant made a controlled purchase of narcotics at 163 Rand Ave. through a confidential informant. This informant has made 9 prior controlled purchases and provided numerous pieces of information that has [sic] been independently corroborated.

Based upon this information, a Fayette County District Court judge found probable cause to issue a search warrant. The warrant itself states in part, "there is probable and reasonable cause for the issuance of this Search Warrant as set forth in the Affidavit attached hereto and made a part hereof as if fully set out herein . . . ."

Although defendant now contends that the search warrant did not give the officers the authority to enter the premises without knocking, he did not raise that argument below. On the contrary, his motion to suppress states, "The search warrant was issued as a no-knock search warrant . . . ." Motion to Suppress Evidence, September 8, 1999, at 1. Furthermore, during the suppression hearing held on September 20, 1999, defense counsel couched his argument to the district court in these terms: "[T]he government is wanting us to overlook a very important fact about this case, and that is that *it is a no-knock search warrant*." Tr. at 4 (emphasis added). In general, this court has declined to review arguments not presented originally to the district court. *See Taft Broad. Co. v. United States*, 929 F.2d 240, 243 (6th Cir. 1991) (reiterating "the principle that issues not litigated in the trial court are generally not appropriate for appellate consideration in the first instance"). In this case, even were we to entertain defendant's forfeited argument, the result would not be affected because the warrant quite clearly incorporates the affidavit "as if fully set out herein," which explicitly requests authority to enter the premises without knocking.

The fact that the officers acted on the authority of a no-knock search warrant does not end our inquiry, however. The Supreme Court has specifically held that whether officers

announce themselves before a search constitutes a factor in the reasonableness inquiry required by the Fourth Amendment. *Wilson v. Arkansas*, 514 U.S. 927, 934 (1995). Nonetheless, failure to announce does not necessarily render the search defective: "[A]lthough a search or seizure of a dwelling might be constitutionally defective if police officers enter without prior announcement, law enforcement interests may also establish the reasonableness of an unannounced entry." *Id.* at 936. In this case, of course, the officers acted on the authority of a no-knock warrant. Therefore, we must determine whether the allegations contained in the warrant application were sufficient to support a conclusion that exigent circumstances justified the issuance of no-knock authority.

In *United States v. Bates*, 84 F.3d 790 (6th Cir. 1996), this court cautioned that "officers must have more than a mere hunch or suspicion before an exigency can excuse the necessity for knocking and announcing their presence." *Id.* at 795. As already mentioned, the affidavit of Detective Hart stated that transactions were "usually done near the bathroom in case the police should come in the house," a precaution clearly taken in order to facilitate disposal of evidence of drug dealing. In *Bates*, we recognized that exigent circumstances exist when officers have a justified belief that those within are "engaged in escape or the destruction of evidence." *Id.* (citing *Unites States v. Finch*, 998 F.2d 349, 353 (6th Cir. 1993)).

In this case, the district court summarized the government's evidence of exigent circumstances in these terms:

> [T]he confidential informant who was well-known to the police officers and who had given reliable information in the past, within 48 hours of the preparation of this affidavit and the subsequent issuance of the warrant, told the officers that he was buying drugs at the house from drug dealers from Detroit, and that in the affidavit, it states, "The informant states that deals inside the house are usually done near the bathroom in case the police should come in the house."

constitutional significance to the informant's implied allegation that evidence might be destroyed.

Moreover, there is no evidence that at the time the officers executed the search warrant, any circumstances had changed from the time of the application for the warrant that would give the officers a reasonable suspicion that a no-knock entry was warranted. *See Richards*, 520 U.S. at 395 (finding decision to enter without knocking and announcing reasonable because defendant saw the officers at the door and slammed the door shut). Finally, at no time has the United States argued that Johnson or any other occupant of the residence was aware of the presence of the police prior to the execution of the warrant, nor did the district court make any findings on this matter. *See Bates*, 84 F.3d at 795 (exigency exists when "the officers have a justified belief that those within are aware of their presence and are engaged in escape or destruction of evidence").

A generic allegation that drug deals are usually done in the bathroom, suggesting only the possibility of destruction of an unspecified quantity of evidence, could be incorporated into nearly every application for a search warrant in drug cases, and the knock and announce requirement would be nothing more than a quaint anachronism. We have previously noted that despite the need to combat drug trafficking, "[t]argets of drug investigations . . . are entitled to the same constitutional protections as targets of any other criminal investigation." *Radka*, 904 F.2d at 361. Because I consider the knock and announce rule an essential aspect of the Fourth Amendment's protections, to which even suspected drug dealers are entitled, I dissent.

Exigent circumstances exist when "(1) the persons within already knows of the officers' authority and purpose; (2) the officers have a justified belief that someone within is in imminent peril of bodily harm; or (3) the officers have a justified belief that those within are aware of their presence and are engaged in escape or destruction of evidence." *United States v. Bates,* 84 F.3d 790, 795 (6th Cir. 1996); *see also Dice,* 200 F.3d at 983. However, "[t]he mere possibility or suspicion that a party is likely to dispose of evidence when faced with the execution of a search warrant is not sufficient to create an exigency. Nor is the generalized and often recognized fear that destruction of evidence is an inherent possibility during the execution of a warrant adequate grounds to find exigent circumstances . . . ." *Bates,* 84 F.3d at 796 (internal citations omitted).

The facts of this case present no indication that Johnson or anyone else in the dwelling was armed, likely to use a weapon or become violent, or of any threat to officer safety. *See Nabors,* 901 F.2d at 1354. Instead, the affidavit requested a no-knock warrant on the grounds that the informant stated that the drug deals were usually done in the bathroom. This statement, from which we are asked to infer exigency based on destruction of evidence, is constitutionally inadequate for several reasons. First, the affidavit never refers to any specific amount of drugs, or other information indicating that an easily disposable quantity was involved. In *Bates,* for example, we determined that the fear that evidence would be destroyed was unreasonable because fifteen kilograms of powder cocaine could not be quickly disposed of by flushing it down the toilet or dumping it down the sink. *See Bates,* 84 F.3d at 796-97. That the police found nine grams of cocaine on Johnson is irrelevant. The Fourth Amendment analysis focuses on whether the police reasonably believed, when they applied for the warrant (or at the moment when they decided to forgo knocking and announcing when executing the warrant), that the destruction of evidence was imminent. Absent reliable information that it would even be feasible to destroy the alleged drugs, it is unreasonable to attach any

. . . So it seems to me that the facts set out in the affidavit show an exigent circumstance which would result – which should result in the issuance of a no-knock warrant. So the government is going to prevail on this argument. I don't see this as being a particularly close issue.

Suppression Hearing, Tr. at 48-49. We agree with this assessment. Had the affidavit merely contained generalized allegations of drug dealing within the residence, the government would not have demonstrated the kind of exigency required to justify a no-knock warrant. Likewise, boilerplate language concerning the possible destruction of evidence would not be sufficient. Where, as here, however, the affidavit in support of the warrant application includes recent, reliable information that drug transactions are occurring in the bathroom "in case the police should come in the house," it is reasonable to infer that this precaution is taken to facilitate the destruction of evidence and thus a no-knock warrant is within the range of alternatives available to the issuing judge or magistrate.

Given our conclusion that the government carried its burden of demonstrating exigent circumstances, we need not reach its alternative arguments that defendant lacked standing to challenge the search or that the good faith exception of *United States v. Leon*, 468 U.S. 897 (1984), applies.

The judgment of the district court is **affirmed**.

---

**DISSENT**

---

BOYCE F. MARTIN, JR., Chief Judge, dissenting. The majority concludes that the warrant in this case authorized a no-knock entry, and that even if we entertained Johnson's argument that the warrant did not give the police authority to enter without knocking, the result of this case would not change. I disagree with both conclusions. Because I would reverse the district court's denial of Johnson's motion to suppress, I respectfully dissent.

First, it is not at all clear to me that the warrant was in fact a no-knock warrant. Most obviously, the warrant itself was not designated a no-knock warrant. There is no evidence in the record from which we might conclude that no-knock warrants in Fayette county need not be designated as such. Other circuits, when presented with the issue of whether a warrant authorized a no-knock entry despite no specific notation on the warrant itself, have required the United States to present some evidence upon which the district court could base a finding of no-knock status. *See, e.g.*, *United States v. Mattison*, 153 F.3d 406, 410 (7th Cir. 1998) (presenting testimony regarding common procedure of not including specific notation on search warrant indicating no-knock status). The majority finds the language in the warrant incorporating the affidavit dispositive. That language, however, is standard on the general warrant form in Kentucky, and no case law suggests that it applies to any situation other than curing warrants that lack sufficient particularity. Absent some evidence in the record, I would not so readily conclude that the warrant authorized a no-knock entry.

Regardless of the status of the warrant, we must still determine whether there existed exigent circumstances. If, as I believe, the warrant did not in fact authorize a no-knock entry, we would examine the circumstances at the time of the execution of the warrant to determine whether it was

reasonable for the officers to dispense with the knock and announce requirement. *See Richards v. Wisconsin*, 520 U.S. 385, 396 n.7 (1997) (magistrate's decision not to authorize a no-knock entry does not preclude officers from concluding, at the time of the execution of the warrant, that it would be reasonable to enter without knocking and announcing). If, as the majority believes, the warrant did authorize a no-knock entry, we would determine whether the affidavit alleged exigency sufficient to dispense with the knock-and-announce requirement. Either way, I see no circumstances at the time of either the application for the warrant or its execution, upon which to base a determination of exigency without rendering the knock and announce rule a nullity.

The common law knock-and-announce rule is an element of the reasonableness inquiry under the Fourth Amendment. *See Wilson v. Arkansas*, 514 U.S. 927, 929 (1995). We must closely scrutinize officers making a forced entry without first adequately announcing their presence and purpose, *see United States v. Nabors*, 901 F.2d 1351, 1355 (6th Cir. 1990), and the United States bears the "heavy burden" of demonstrating exigency. *United States v. Radka*, 904 F.2d 357, 361 (6th Cir. 1990).

Absent exigent circumstances, it is unreasonable under the Fourth Amendment for the police to enter a residence without knocking and announcing their authority and presence. *See Richards*, 520 U.S. at 394 (holding that a no-knock entry may be justifiable when police officers have a "reasonable suspicion that knocking and announcing their presence, under the particular circumstances, would be dangerous or futile, or that it would inhibit the effective investigation of the crime by, for example, allowing the destruction of evidence"); *United States v. Dice*, 200 F.3d 978, 982 (6th Cir. 2000) (citing *Wilson v. Arkansas,* 514 U.S. at 934) (absent exigent circumstances, "it is unreasonable under the Fourth Amendment for an officer to enter a dwelling without first knocking and announcing his presence and authority"); *Dickerson v. McClellan,* 101 F.3d 1151, 1158 (6th Cir. 1996).