JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, George Griffin, appeals the judgment of the Cuyahoga County Common Pleas Court that entered convictions against him for possession of drugs and criminal tools after a jury found him guilty of these offenses. For the reasons that follow, we affirm.
 {¶ 2} The record reveals that an apartment leased by Charles Goodson was under surveillance by Cleveland Police Detectives Roland Mitchell and Leland Edwards for suspected drug trafficking. The detectives obtained a search warrant for the premises following a controlled buy through a confidential reliable informant. Before executing the warrant, the officers observed Goodson and a female companion exit the apartment building. After following them a short distance, they were detained and returned to premises, but remained in a police vehicle with Detective Edwards while Detective Mitchell and another officer executed the warrant. As the officers approached the apartment, Detective Mitchell was able to observe the interior of the apartment through a window[1] and saw two males seated at a kitchen table "handling something on the table." One of these individuals was later identified as appellant.
 {¶ 3} After entering the apartment with a key obtained from Goodson, Detective Mitchell testified that he and several other officers "creeped slowly" through the living room area and into the kitchen where appellant and the other male, later identified as Roy Greene, were seated. At this point, a dog emerged from under the table, startling the officers and alerting appellant and Greene, as well as a juvenile male in one of the back rooms. The detective testified, however, that he observed a bag with a white substance, a scale and a pipe on the table before appellant and Greene were aware of the detectives' presence. As the officers were placing handcuffs on appellant and Greene, a bag containing a single rock of what was later identified as crack cocaine fell from appellant's person.
 {¶ 4} Appellant was thereafter indicted for (1) drug trafficking, in violation of R.C. 2925.03, with a juvenile specification; (2) drug possession, in violation of R.C. 2925.11; and (3) possession of criminal tools, in violation of R.C.2923.24. At the jury trial that followed,[2] appellant was found guilty of drug possession and possessing criminal tools but not guilty of drug trafficking. He was sentenced accordingly.
 {¶ 5} Appellant is now before this court and assigns three errors for our review.
 I. Ineffective Assistance of Counsel {¶ 6} In his first assignment of error, appellant contends that his trial counsel was ineffective for failing to file a motion to suppress. Succinctly, he argues that hisFourth Amendment rights were infringed when Detective Mitchell "creeped" into the apartment without first knocking and announcing that he was executing a search warrant.
 {¶ 7} In order to establish a claim of ineffective assistance of counsel, a criminal defendant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington (1984),466 U.S. 668, paragraph two of the syllabus, 104 S.Ct. 2052,80 L.Ed.2d 674; State v. Bradley (1989), 42 Ohio St.3d 136, cert. denied (1990), 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 768. Prejudice is demonstrated when the defendant proves that, but for counsel's actions, there is a reasonable probability that the result of the proceedings would have been different. Stricklandv. Washington, 466 U.S. at 694.
 {¶ 8} The United States Supreme Court in Strickland ruled that judicial scrutiny of an attorney's work must be highly deferential. The Court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action `might be considered sound trial strategy.'"Strickland, 466 U.S. at 689.
 {¶ 9} In general, trial counsel's failure to file a motion to suppress does not per se constitute ineffective assistance of counsel. Kimmelman v. Morrison (1986), 477 U.S. 365, 384,106 S.Ct. 2574, 91 L.Ed.2d 305; State v. Nields (2001),93 Ohio St.3d 6, 66-67. A criminal defendant asserting a claim of ineffective assistance on this basis must show that the failure to file the motion to suppress caused him or her prejudice.State v. Robinson (1996), 108 Ohio App.3d 428, 433. TheFourth Amendment to the United States Constitution and Section 14, Article 1 of the Ohio Constitution protect individuals from unreasonable government intrusions into areas where there is a legitimate expectation of privacy. Katz v. United States
(1967), 389 U.S. 347, 357, 88 S.Ct. 607, 19 L.Ed.2d 576. A motion to suppress evidence seeks to challenge the arrest, search or seizure as somehow being violative of these constitutional provisions, which guarantee "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures" and that no warrants "shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched and the persons or things to be seized." The principal remedy for such a violation is the exclusion of evidence from the criminal trial of the individual whose rights have been violated. See Katz, Ohio Arrest, Search and Seizure (2003) 461, Section 25.1. Exclusion is mandatory under Mapp v. Ohio (1961), 367 U.S. 643,81 S.Ct. 1684, 6 L.Ed.2d 1081, when such evidence is obtained as a result of an illegal arrest, search or seizure.
 {¶ 10} Absent exigent circumstances, law enforcement officers are required to knock on the door, announce their presence and await admittance for a reasonable time before forcibly entering a residence. See Wilson v. Arkansas (1995), 514 U.S. 927, 929,115 S.Ct. 1914, 131 L.Ed.2d 976; see, also, R.C. 2935.12. The knock-and-announce rule protects several important interests, including 1) reducing the potential for violence to both the police officers and the occupants of the house into which entry is sought; 2) curbing the needless destruction of private property; and 3) protecting the individual's right to privacy in his or her home. See United States v. Bates (C.A. 6, 1996),84 F.3d 790, 794; see, also, United States v. Finch (C.A. 6, 1993),998 F.2d 349, 353. To protect these interests, evidence procured following the execution of a warrant that lacked a proper knock and announcement is inadmissible. Bates, 84 F.3d at 795.
 {¶ 11} However, there must exist a protectable privacy interest in the first instance. The United States Supreme Court, in Minnesota v. Carter (1998), 525 U.S. 83, 119 S.Ct. 469,142 L.Ed.2d 373, held that the "`capacity to claim the protection of the Fourth Amendment depends * * * upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.'" Id. at 88, citingRakas v. Illinois (1978), 439 U.S. 128, 143, 99 S.Ct. 421,58 L.Ed.2d 387. Under this rule, an individual who is present in another's home for a short time for the business purpose of packaging cocaine has no legitimate expectation of privacy in that residence. Minnesota v. Carter, 525 U.S. at 91. Thus, any ensuring search does not violate that individual'sFourth Amendment rights. Id.
 {¶ 12} The state maintains that no such interest exists in this case and, therefore, any motion to suppress would have been unsuccessful. In particular, it contends that the evidence before the court indicated that the premises were leased to Goodson and there was no evidence demonstrating that appellant resided at Goodson's home. Whether appellant resided in appellant's home is not dispositive, however, because an overnight guest who is legitimately in another's home may have a reasonable expectation of privacy, despite the lack of residency. See Minnesota v.Olson (1990), 495 U.S. 91, 98-99, 110 S.Ct. 1684,109 L.Ed.2d 85. What must be determined is whether the evidence indicates that appellant's stay at Goodson's apartment was sufficient to invoke a protectable Fourth Amendment privacy interest. We conclude it does not.
 {¶ 13} At trial, Greene testified that appellant contacted him and asked him to pick him up from Goodson's west side apartment and give him a ride to his home on the east side of Cleveland, something Greene testified he had done on one other occasion. Greene arrived at Goodson's apartment and beeped his horn but was beckoned inside the apartment. Shortly thereafter, the detectives entered the apartment with the key provided by Goodson and executed the search warrant. Appellant was observed handling objects on the kitchen table. Among other things later identified on the table were crack cocaine and related packaging material.
 {¶ 14} From this evidence, we can only conclude that appellant was present in Goodson's apartment for a short time for the purpose of packaging illegal drugs. As such, appellant had no legitimate expectation of privacy subject to protection under theFourth Amendment. Because of the lack of a protectable constitutional interest, the officers' subsequent entrance into the apartment with Goodson's key obviated any need for compliance with the knock-and-announce rule. Appellant, therefore, would not have prevailed on a motion to suppress and it cannot be said that his trial counsel was ineffective for failing to file such a motion. "Where the record contains no evidence which would justify the filing of a motion to suppress, the appellant has not met his burden of proving that his attorney violated an essential duty by failing to file the motion." State v. Gibson (1980),69 Ohio App.2d 91, 95.
 {¶ 15} Appellant's first assignment of error is not well taken and is overruled.
 II. Sufficiency of Evidence {¶ 16} In his second assignment of error, appellant contends that his conviction for drug possession is unsupported by the evidence.
 {¶ 17} An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. State v.Jenks (1991), 61 Ohio St.3d 259, 273. In essence, sufficiency is a test of adequacy. State v. Thompkins (1997),78 Ohio St.3d 380, 386-387.
 {¶ 18} R.C. 2925.11 provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." A person acts knowingly, regardless of his or her purpose, when that person is aware that his or her conduct will probably cause a certain result or will probably be of a certain nature. R.C.2901.22(B). It is necessary to look at all the attendant facts and circumstances in order to determine if a defendant knowingly possessed a controlled substance. State v. Teamer (1998),82 Ohio St.3d 490, 492.
 {¶ 19} Possession is defined as having "control over a thing or substance," but it may not be inferred solely from "mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found." R.C.2925.01(K). Possession can be actual or constructive. See Statev. Wolery (1976), 46 Ohio St.2d 316, 329; State v. Haynes
(1971), 25 Ohio St.2d 264, 267; State v. Barr (1993),86 Ohio App.3d 227, 235. Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within the individual's immediate physical possession. State v. Hankerson
(1982), 70 Ohio St.2d 87, at the syllabus. It is not necessary to establish ownership of a controlled substance in order to establish constructive possession. State v. Mann (1993),93 Ohio App.3d 301, 308. As such, readily usable drugs or other contraband in close proximity to a defendant may constitute sufficient and direct circumstantial evidence to support a finding of constructive possession. State v. Pruitt (1984),18 Ohio App.3d 50, 58; see, also, State v. Scalf (1998),126 Ohio App.3d 614, 619-620.
 {¶ 20} Appellant claims that there was no evidence that he exercised dominion or control over the drugs. We disagree. Officer Mitchell testified that he observed appellant, through the window, handling objects on the kitchen table, some of which were later identified as crack cocaine and drug paraphernalia. The officer further testified that, upon entry into the apartment, he observed the drugs and drug paraphernalia on the kitchen table in close proximity to appellant — indicating that appellant was in at least constructive possession of the drugs. See State v. Pruitt, 18 Ohio App.3d at 58. Moreover, there was evidence of actual possession when the officer observed a bag containing a rock of crack cocaine fall from appellant's person when he arose in response to the officers' commands.
 {¶ 21} This evidence, if believed, would support appellant's conviction for possession of drugs. Appellant's second assignment of error is not well taken and is overruled.
 III. Manifest Weight of the Evidence {¶ 22} In his third assignment of error, appellant contends that his convictions were against the manifest weight of the evidence.
 {¶ 23} In contrast to a sufficiency-of-the-evidence argument, an argument based on manifest weight of the evidence requires an appellate court to determine whether the state appropriately carried its burden of persuasion. A court reviewing a question of weight is not required to view the evidence in a light most favorable to the prosecution, but may consider and weigh all of the evidence produced at trial. A manifest-weight-of-the-evidence argument involves determining whether there exists a greater amount of credible evidence to support one side of an issue rather than the other. State v. Thompkins,78 Ohio St.3d at 387. It is not a question of mathematics, but depends on its effect in inducing belief. Id. A reviewing court weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the factfinder clearly lost his or her way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 24} We see no manifest miscarriage of justice. Detective Mitchell testified that he observed appellant handling objects that were later identified as illegal drugs and related drug paraphernalia. He further testified that a rock of crack cocaine fell from appellant during appellant's apprehension and that a substantial amount of cash was also found on appellant at this time. Co-defendant Greene testified that he observed the drugs on the table as he entered the apartment to pick up appellant. To be sure, Greene testified that he was merely present at the apartment to pick up appellant and did not handle any of the drugs he observed. Be that as it may, we cannot say that the jury lost its way in resolving the testimony before it so as to create a manifest miscarriage of justice as applies to appellant. On the contrary, the testimony at trial supported appellant's convictions for possession of drugs and possessing criminal tools.
 {¶ 25} Appellant's third assignment of error is not well taken and is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and Karpinski, J., concur.
[1] The apartment building is a two-story complex containing four apartments, two on the first floor and two on the second, with access to the individual apartments through a main entrance. The apartment that was the subject of the search warrant is located on the first floor.
[2] Appellant and Greene were tried together but represented by separate counsel. Greene was similarly convicted and has likewise appealed to this court, which was argued here recently on January 12, 2004. See State v. Greene, Cuyahoga App. No. 82948.