JOURNAL ENTRY AND OPINION
{¶ 1} Defendant appeals his convictions by a jury for possession of crack cocaine in violation of R.C. 2925.11[1] and preparation of drugs for sale in violation of R.C. 2925.07[2] with a schoolyard specification.[3] Defendant also appeals the trial court's imposition of non-minimum and consecutive sentences.
 {¶ 2} On January 11, 2000, defendant and Demetrius Petty were arrested by Euclid, Ohio police officers. Prior to arresting the two men, a Euclid police officer, Scott Meyer, observed a red Acura motor vehicle with an obstructed temporary tag in its back window. Meyer attempted to pull the vehicle over by turning on his lights. The vehicle accelerated with Meyer in pursuit. During the chase, the two men jumped out of the Acura while it was still moving. Meyer exited his police cruiser and chased on foot the two men, later identified as defendant and Petty.
 {¶ 3} The two men fled into an apartment building where, police later learned, defendant resided.[4] When police back up arrived, some officers searched the area outside the building, the same area where officer Meyer told them he had seen the men dropping things to the ground. Police recovered a bag of cocaine, a loaded handgun, cell phone, and a pager from the area. Other officers either secured the apartment building or entered the building looking for defendant and Petty.
 {¶ 4} Defendant, Petty, and Elgeron Jones,[5] eventually exited the apartment and were arrested by police. Defendant was convicted by a jury and thereafter sentenced to eight years on the possession offense and four years for the drug preparation conviction. Both terms were run consecutively for a total prison term of twelve years.
 {¶ 5} Defendant timely filed this appeal in which he asserts six assignments of error. We address Assignments of Error IV and V first because they both raise issues about the sufficiency of the evidence.
"IV. Mr. Marlins's conviction for the "Schoolyard" specification attached to the preparation of drugs for sale conviction must be vacated, as it was not supported by sufficient evidence. (Journal entries filed March 14, 2001, February 27, 2004, and March 16, 2004; transcript at 227)."
"V. Mr. Marlins's conviction for preparation of drugs for sale conviction must be vacated, as it was not supported by sufficient evidence. (Journal entries filed March 14, 2001, February 27, 2004, and March 16, 2004)."
 {¶ 6} In these two assignments of error defendant argues that the evidence is insufficient to support his convictions for preparation of drugs for sale in violation of R.C. 2925.07[6] and the accompanying schoolyard specification in violation of R.C. 2925.03(C)(2)(b).
 {¶ 7} When a court reviews a record for sufficiency, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Statev. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1991), 78 Ohio St. 380, 386; State v. Issa,93 Ohio St.3d 49, 2001-Ohio-1290, 752 N.E.2d 904.
 {¶ 8} At the time of the offenses committed in this case, R.C. 2925.07
stated:
 {¶ 9} "No person shall knowingly prepare for shipment, ship; transport, deliver, prepare for distribution, or distribute a controlled substance when the person intends to sell or resell the controlled substance or when the person knows or has reasonable cause to believe that another person intends to sell or resell the controlled substance."
 {¶ 10} In the case at bar, defendant was also convicted of an accompanying schoolyard specification that he was within 1,000 feet of the boundaries of a school when he committed the offense of preparing drugs for sale. R.C. 2925.03(C)(2)(b).
 {¶ 11} At trial, Petty testified that he was personally involved in selling drugs for money in the past and was familiar with the drug trade generally. According to Petty, on the day of their arrest in this case, he and defendant had gone to purchase drugs.
 {¶ 12} Petty[7] testified that defendant had drugs on him in the Acura. He further testified that when they realized police were following the vehicle, they jumped out of the car. Petty told the jury that defendant told him he threw the drugs and the gun as they ran toward the apartment. Petty did not testify, however, that he ever saw defendant throw drugs to the ground as they ran. He even testified that just before he and defendant were arrested, he had given defendant $3500 to hold for him — an amount of money a rational trier of fact could conclude was drug money.
 {¶ 13} Meyer first testified that as he chased the two men, he saw them throwing items to the ground. Defendant does not dispute that police recovered typical items related to the drug trade: a bag of crack cocaine, a cell phone, a pager, and a loaded 9mm handgun. These items were found in the area where Meyer had seen the men dropping things earlier. Meyer did not testify, however, which man was dropping what items. Petty said, however, that defendant told him he discarded the bag of cocaine as they ran from the police.
 {¶ 14} However, Petty never specifies that Mr. Marlin prepared, transported, delivered, or distributed drugs. Nor does Petty indicate the origin of the drugs discovered or ascribe to defendant any intent to sell drugs.
 {¶ 15} From this record, the most that one can conclude is that defendant knowingly transported a controlled substance. There is no evidence, however, that in transporting the drugs he intended to sell or resell those drugs or knew or had reasonable cause to believe that Petty intended to sell or resell the drugs.
 {¶ 16} Viewing the evidence in a light most favorable to the prosecution, the evidence is not sufficient to support defendant's convictions for preparation of drugs for sale. Moreover, because there is insufficient evidence to support the preparation conviction, the accompanying schoolyard specification must also fail. Defendant's fourth and fifth assignments of error are sustained. Because defendant's sixth assignment of error is also related to the evidence presented at trial, we address it next.
"VI. Mr. Marlins's convictions must be reversed and Mr. Marlin's case remanded for a new trial because his convictions are against the manifest weight of the evidence. (Journal entries filed March 14, 2001, February 27, 2004, and March 16, 2004)."
 {¶ 17} Since we have already concluded that there is insufficient evidence of defendant's guilt for the preparation of drugs for sale with its attendant schoolyard specification, we do not address it here.
 {¶ 18} As to the possession charge, the state had to prove beyond a reasonable doubt that defendant did "knowingly obtain, possess, or use a controlled substance." R.C. 2925.11(A).
 {¶ 19} Defendant argues that even if the evidence is sufficient in this case, his convictions are nonetheless against the manifest weight of the evidence.
 {¶ 20} When a court reviews the manifest weight of the evidence, the issue is whether the jury created a manifest miscarriage of justice in resolving conflicting evidence, even though the evidence of guilt was legally sufficient. State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 678
N.E.2D 541, 545-546. "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony." Id., citing Tibbs v. Florida (1982) 457 U.S. 31, at 42.
 {¶ 21} In a challenge to the manifest weight of the evidence, a court reviews the record, "weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflict in the evidence, the jury clearly lost its way * * *."Thompkins, 387. Alternatively, this court will not reverse a conviction if the state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense had been established beyond a reasonable doubt. State v. Eley (1978),56 Ohio St.2d 169, 383 N.E.2d 132, syllabus.
 {¶ 22} R.C. 2925.01(K) defines "possession" as follows:
""Possess" or "possession" means having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."
 {¶ 23} Possession may be actual or constructive. State v. Griffin,
Cuyahoga App. No. 82979, 2004-Ohio-2155; State v. Butler (1989),42 Ohio St.3d 174, 176, 538 N.E.2d 98. Actual possession exists when the circumstances indicate that an individual has or had an item within his immediate physical possession. Constructive possession exists when an individual is able to exercise dominion or control of an item, even if the individual does not have the item within his immediate physical possession. Id., citing State v. Hankerson (1982), 70 Ohio St.2d 87,434 N.E.2d 1362, syllabus. Dominion and control may be established by circumstantial evidence alone. Id., citing State v. Pruitt (1984),18 Ohio App.3d 50, 480 N.E.2d 499.
 {¶ 24} In the case at bar, defendant maintains that he was convicted "solely on the testimony of Demetrius Petty." Defendant's brief on appeal at 13. We disagree. Petty was not the only witness to present evidence of defendant's guilt.
 {¶ 25} Petty testified, without contradiction, that defendant had a bag of drugs on him while they were both in the car before they both fled on foot. Petty's testimony establishes defendant's actual possession of the cocaine in the car.
 {¶ 26} Petty further stated that, as he and defendant ran from Meyer, he saw defendant dropping things, which a jury could infer included the cocaine. Though we acknowledge that Petty may have had an incentive to testify against defendant's interests in this case, a factfinder could reasonably reject defendant's claim that only Petty had possession of the cocaine.
 {¶ 27} Meyer testified, without contradiction, that he personally observed defendant and Petty run from the car. Meyer described what he saw as he chased the two men. He clearly identified defendant as "the male in the front and Demetrius was the male in the back while I was chasing after them * * *." Tr. 150. He further stated that "[i]t appeared that Kyron Marlin was dumping the items much further ahead, throwing items further ahead of myself." Tr. 159. Meyer identified Exhibit 2 as the cocaine found by police in the area where he had seen defendant dropping items as he and Petty were running.
 {¶ 28} Standing alone, Meyer's testimony is credible and uncontradicted, thus establishing defendant's possession of the cocaine in this case.
 {¶ 29} We acknowledge Petty's testimony that defendant told him to throw what he had to the ground as they ran. Even if a reasonable person inferred that this meant that Petty had possession of cocaine, this statement does not exculpate defendant. The fact that defendant instructed Petty what to do with the cocaine does not exclude the possibility that defendant possessed cocaine.
 {¶ 30} After weighing the evidence and all reasonable inferences considering the credibility of witnesses, and resolving conflicts in the evidence, we conclude that the jury did not lose its way. The state presented substantial evidence upon which the trier of fact could reasonably conclude that all essential elements of the offense of possession had been established beyond a reasonable doubt.
 {¶ 31} Accordingly, defendant's conviction for possession is not against the manifest weight of the evidence in this case. Defendant's sixth assignment of error is, therefore, overruled in part. That portion of this assignment of error, however, relating to the preparation of drugs for sale conviction is deemed moot in light of our disposition of defendant's Assignment of Error IV and Assignment of Error V.
 {¶ 32} Since we have vacated defendant's conviction for preparation of drugs for sale, only defendant's conviction for possession remains. Accordingly, defendant's Assignment of Error II dealing with the issue of merger is now moot.[8] Further, with only one conviction, defendant's Assignment of Error III,[9] which challenges his consecutive sentences, is also moot. Similarly, that part of Assignment of Error I that challenges consecutive sentences is also moot.
 {¶ 33} What remains is that part of defendant's first assignment of error in which he argues he should have received a minimum sentence on his possession conviction. The first assignment of error reads as follows:
"I. The trial court's imposition of non-minimum, consecutive sentences is contrary to law as the jury did not determine the findings required to impose non-minimum and consecutive sentences. sixth amendment, united states constitution. R.C. 2929.14. (Journal entries filed March 14, 2001, February 27, 2004, and March 16, 2004; Transcript pp. 433-448)."
 {¶ 34} Defendant argues that his sentence of more than the minimum is unconstitutional under the U.S. Supreme Court's decision in Blakely v.Washington, (2004), ___ U.S. ___, 124 S.Ct. 2531, 159 L.Ed.3d 403. This argument was recently addressed in this court's en banc decision of Statev. Atkins-Boozer, (May 31, 2005), Cuyahoga App. No. 84151. This court held that R.C. 2929.14(B), which governs the imposition of sentences above the minimum, does not implicate the Sixth Amendment as construed inBlakely. Accordingly, in conformity with that opinion, we reject defendant's contentions and overrule this part of defendant's first assigned error.[10]
 {¶ 35} The judgment of the trial court is affirmed in part and vacated in part. Defendant's conviction and sentence for possession are affirmed; his conviction and sentence for preparation of drugs for sale is vacated.
Judgment accordingly.
It is ordered that appellee and appellant split the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, P.J., and Celebrezze, Jr., J., Concurs.
[1] A felony of the first degree.
[2] A felony of the third degree.
[3] Defendant was originally indicted on a five-count indictment charging him with possession of crack cocaine in an amount greater than twenty-five grams but less than one hundred grams, R.C. 2925.11 (Count One); preparation of drugs for sale, R.C. 2925.07, with a schoolyard and a firearm specification (Count Two); possession of criminal tools, R.C.2923.24 (Count Three); carrying a concealed weapon, R.C. 2923.12 (Count Four); having a weapon while under disability, R.C. 2923.13 (Count Five). Defendant was convicted of counts one and two of the indictment and the schoolyard specification; the jury deadlocked on all other charges against him.
[4] Police also learned that the Acura automobile was registered to defendant.
[5] The thirteen year-old brother of defendant's girlfriend.
[6] Defendant was convicted under former R.C. 2925.07, which was repealed in February 2001 and the provision as to the elements of the trafficking offense were relocated at R.C. 2925.03(A)(2), but were otherwise unchanged.
[7] Prior to trial, Petty pled guilty in this case to reduced charges in exchange for his testimony against defendant.
[8] II. The trial court's failure to merge Mr. Marlin's convictions for purposes of sentencing is contrary to law. Fifth Amendment, united states constitution, section 10, Article 1, Ohio Constitution. R.C. 2941.25
(Journal entries filed March 14, 2001, February 27, 2004, and March 16, 2004).
[9] III. The trial court's failure to adequately state its reasons for the imposition of consecutive sentences and the imposition of consecutive sentences is not warranted in this case-the sentences are contrary to law. Section 1, Fourteenth amendment to the united states constitution; section 16, article I, Ohio constitution. R.C. 2929.14. (Journal entries filed March 14, 2001, February 27, 2004, and March 16, 2004; Transcript at 444-445).
[10] I separately note, however, that because I believe the en banc procedure this court used in Atkins-Boozer is unconstitutional and dissented for that reason, as well as on the merits, I reluctantly follow this court's decision and await a ruling from the Ohio Supreme Court.