JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} This is one of four criminal appeals arising out of the same incident.[1] The Cuyahoga County grand jury indicted defendant-appellant Okella Scott and co-defendants Jatyus Mitchell, Shawn Williams, and Gawayne Morrison each on one count of drug possession with a firearm specification in violation of R.C. 2925.11 and2941.141, one count of drug trafficking with a firearm specification in violation of R.C. 2925.03 and 2941.141, and one count of possession of criminal tools in violation of R.C. 2923.24. A jury found appellant and all three co-defendants guilty of drug possession, drug trafficking and possession of criminal tools. The trial court sentenced each defendant to a total of six years in prison and imposed a $10,000 mandatory drug fine. Appellant appeals his convictions alleging two assignments of error challenging both the sufficiency and the weight of the evidence upon which his convictions were based. For the reasons stated below, we find appellant's assignments of error to be without merit and affirm his convictions.
 {¶ 2} In late August 2005, the Cleveland police received a tip by a confidential reliable informant that a black male known as "Q" was trafficking large quantities of marijuana from the downstairs unit of a house at 1369 East 93rd Street in Cleveland. The police set up a controlled purchase of marijuana using the informant. The informant went into the house with a predetermined amount of *Page 4 
marked currency and returned from the house with two bags containing 10 pounds of marijuana. The informant told police there were other persons in the house with "Q." The informant described the persons dealing the drugs as being Jamaican or of Jamaican descent.
 {¶ 3} Based upon this information, Cleveland police detective Todd Clark sought and received a warrant to search the premises from a judge of the Cuyahoga County Court of Common Pleas. The police executed the warrant at approximately 9:45 p.m. on August 31, 2005. After receiving a report from one of the police detectives of males running up the stairs inside the house, the SWAT unit hit the front door with a battering ram. Officers of the SWAT unit heard footsteps in another part of the house fleeing from the police and smelled a strong odor of marijuana. The SWAT unit cleared the first floor and continued up the back stairs to the second and third floors. The officers found Williams and Morrison on the second floor. As the SWAT unit cleared the two rooms on the third floor, they discovered appellant and Mitchell hiding in a crawl space. The two males were ordered out of the crawl space and officers discovered a .22 caliber pistol near where Mitchell had been hiding. All four males were detained and placed in police cruisers.
 {¶ 4} Cleveland narcotics officers seized more than 25 pounds (11,654.87 grams) of marijuana, $22,446 in U.S. currency, numerous firearms including a shotgun, a replica AK-47 rifle, handguns, scales, and other drug paraphernalia *Page 5 
during the search. Police also recovered the prerecorded money used by the informant for the earlier drug buy.
 {¶ 5} During the search of a green Chevy Impala parked behind the house, the police found a note with a phone number and the statement, "I want my rent money now!" The phone number belonged to the landlord of a property at 16413 Arcade Avenue. Police contacted the landlord and, from photographs supplied by the police, she identified one of the co-defendants, Mitchell, as her tenant.
 {¶ 6} A police dog brought to the Arcade property alerted police to the presence of narcotics at the apartment door. The police entered the apartment using a key provided by the landlord and secured the premises. Officers observed weapons in plain view and relayed this information to Detective Clark who secured a search warrant from the same judge for the Arcade apartment. During this second search, police seized a small amount of marijuana, four guns, $32,800 in U.S. currency, and a money counter. This appeal does not raise any issue pertaining to this second search.
 I {¶ 7} In his first assignment of error, appellant asserts that the evidence is insufficient to support the jury's guilty verdicts. Appellant argues that the state failed to prove any of the charged offenses because, "no drugs, firearms, ammunition, cell phones, televisions, or otherwise were found on Scott's person," and there was no evidence offered to establish that appellant stayed at the East 93rd Street address or how long he was there before police arrived. We find no merit to this argument.
 {¶ 8} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A reviewing court is not to assess "whether the state's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction." State v.Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). Reviewing courts will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbetts (2001),92 Ohio St.3d 146, 2001-Ohio-132.
 {¶ 9} The elements of the offenses charged are set forth in statute. Pursuant to R.C. 2925.11, no person shall knowingly obtain, possess, or use a controlled substance. To be guilty of trafficking in drugs, a person must knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person. *Page 6 
R.C. 2925.03. A person is guilty of possession of criminal tools if a person possesses or has under his control a substance, device, instrument, or article with the purpose to use it criminally. R.C.2923.24.
 {¶ 10} The element of knowledge is to be determined from the attendant facts and circumstances particular to each case. State v. Teamer (1998),82 Ohio St.3d 490. Likewise, intent must be gathered from all the surrounding facts and circumstances. Id. Thus, whether appellant knowingly possessed, obtained, or used a controlled substance, and whether he knowingly prepared for distribution, or distributed, a controlled substance is to be determined from all the attendant facts and circumstances available. The elements of an offense may be established by direct evidence, circumstantial evidence, or both. SeeState v. Durr (1991), 58 Ohio St.3d 86. Circumstantial and direct evidence are of equal evidentiary value. Jenks, 61 Ohio St.3d at 272. If there is sufficient evidence such that a reasonable trier of fact could have found that the state had proven guilt beyond a reasonable doubt, a reviewing court may not reverse a conviction.
 {¶ 11} The appellant maintains correctly that mere proof of presence in the vicinity of illicit drugs or contraband is not enough to prove possession or control. Cincinnati v. McCartney (1971),30 Ohio App.2d 45, 48. However, the evidence adduced at trial goes well beyond mere presence in the vicinity. In the instant case, the police found a large quantity of marijuana, numerous guns and ammunition, thousands of dollars in money, bags, scales, and other instruments for the grinding *Page 7 
and packaging of marijuana. The state contended that the East 93rd Street house was a marijuana processing factory and not a residence. The state maintained that appellant and his co-defendants were participants in the processing and distribution of the marijuana. There was evidence of a controlled buy of 10 pounds of marijuana by a police informant from this location within 24 hours of executing the warrant. The buy money was found at the house during the search. The police testified that there was a strong odor of marijuana in the house and evidence of a large scale drug operation was scattered openly throughout the premises. The officers testified that the appellant and the other co-defendants fled when the police arrived to execute the search warrant and that appellant was found hiding from the police in a crawl space on the third floor with one of the co-defendants.
 {¶ 12} After a careful review of the record and based on the above analysis, we are satisfied the state presented substantial evidence which, if believed, would support a conviction on the offenses charged beyond a reasonable doubt. Accordingly, appellant's first assignment of error is overruled.
 II {¶ 13} In the second assignment of error, appellant asserts that the jury's guilty verdicts were against the manifest weight of the evidence.
 {¶ 14} "Weight of the evidence concerns the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will *Page 8 
be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief."State v. Thompkins (1997), 78 Ohio St.3d 380, 387, 1997-Ohio-52,
 {¶ 15} In considering a manifest-weight claim, an appellate court sits as a "thirteenth juror" and must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Id. "The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Id., quoting State v. Martin (1983),20 Ohio App.3d 172, 175.
 {¶ 16} Appellant asserts that the trial court's ruling that he lacked standing to participate in the suppression hearing, "is illustrative of how detached Scott was deemed to be by the trial court with respect to the premises and the items at issue." This assertion is without merit. Appellant confuses issues of expectation of privacy and standing to assert a protected constitutional right with issues of guilt. Appellant asserted neither a possessory interest in the premises, nor an interest in the property seized, and defense counsel's characterization of appellant as a recently arrived guest who intended to stay overnight was insufficient to establish a legitimate expectation of privacy in the premises searched. Simply because a trial court finds *Page 9 
that a defendant failed to establish a privacy interest sufficient for standing to object to a search does not mean that the defendant cannot be found guilty of the charged offenses. See Minnesota v. Carter (1998),525 U.S. 83 (an individual who is present in another's home for a short time for the business purpose of packaging cocaine has no legitimate expectation of privacy in that residence); State v. Griffin, Cuyahoga App. No. 82979, 2004-Ohio-2155 (an individual in an apartment for a short period of time for the purpose of packaging illegal drugs has no protectable constitutional interest). The trial court's ruling that appellant lacked standing to contest the search is only illustrative of the court having determined that appellant failed to demonstrate a right to constitutional protection from the search, not that it found appellant detached from the drugs, money, and other items seized in the search.
 {¶ 17} After a review of the entire record, we cannot say that the jury lost its way and created a manifest miscarriage of justice in finding appellant guilty as charged. The testimony at trial, as well as the physical evidence admitted, supported appellant's convictions for possession of drugs, drug trafficking, and possessing criminal tools.
 {¶ 18} Appellant's second assignment of error is overruled.
 {¶ 19} The judgment of the trial court is hereby affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
 The court finds there were reasonable grounds for this appeal. *Page 10 
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, JUDGE
MARY EILEEN KILBANE, P.J., CONCURS
CHRISTINE T. McMONAGLE, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE OPINION.
[1] The other three appeals can be found at: State v. JatyusMitchell, Cuyahoga App. No. 88131; State v. Shawn Williams, Cuyahoga App. No 88137; and, State v. Gawayne D. Morrison, Cuyahoga App. No. 88129.