[Cite as *State v. Serina*, 2012-Ohio-2193.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No.   96989

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ROBERT SERINA

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED IN PART, REVERSED IN PART,
### AND REMANDED FOR RESENTENCING

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-538597

**BEFORE:**   Boyle, J., Blackmon, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   May 17, 2012

**ATTORNEY FOR APPELLANT**

Joseph A. Dubyak
Dubyak & Goldense
50 Public Square
Suite 920
Cleveland, Ohio   44113-2206

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
BY:   Melissa Riley
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

MARY J. BOYLE, J.:

**{¶1}** Defendant-appellant, Robert Serina, appeals his convictions for drug trafficking, possessing criminal tools, and endangering children. He raises one assignment of error for our review:

**{¶2}** "The trial court erred when it denied Appellant's Motions for Judgment for acquittal since the Defendant did not prepare for shipment, ship, transport, deliver, prepare for distribution or distribute marijuana for sale and possess criminal tools."

**{¶3}** Finding no merit to his arguments, we affirm his convictions. We sua sponte vacate his sentence, however, and remand for resentencing because the trial court failed to sentence him separately for each conviction.

<u>Procedural History and Factual Background</u>

**{¶4}** In June 2010, Serina and two codefendants, David Dadante and Samir Awad, were indicted on drug trafficking in violation of R.C. 2925.03(A)(2), with a juvenile specification under R.C. 2925.01(BB) and two forfeiture specifications (digital scale and money; $1,095 for Serina), and possessing criminal tools (the scale and the money) in violation of R.C. 2923.24(A), with the same two forfeiture specifications. Serina was additionally charged with two counts of endangering children (his own), in violation of R.C. 2919.22(A). Serina and his codefendants waived their right to a jury

trial, and the case against all three was tried to the bench. The following facts were presented to the trial court.

{¶5} Officer Elliot Silvia testified that on June 13, 2010, he was on routine patrol in the city of Bay Village when he witnessed a car drive through a stop sign without stopping. When he activated his lights, he noticed that the passenger in the back of the vehicle "turned around to look in [his] direction and then motioned to the people in the front seat, the passenger and the driver." Serina was driving, Dadante was in the front passenger seat, and Awad was sitting behind Dadante in the backseat of the car. Serina's two small children, 18 months and four years old, were also in the backseat in their car seats.

{¶6} Officer Silvia testified that when he reached the driver's-side window, he could smell raw and burnt marijuana. Officer Silvia asked Serina for his driver's license, registration, and proof of insurance, and called for assistance. Officer Anthony Fuchs arrived to assist Officer Silvia.

{¶7} Officers Silvia and Fuchs approached the vehicle; Officer Fuchs approached the passenger side of the car and Officer Silvia approached the driver's side. Officer Silvia asked Serina to step out of the car. He said that as Serina got out of the car, Serina rolled up the windows and locked the car doors. Officer Silvia testified that when he had first approached Serina while he was in the driver's seat, Serina had initially told him that he was picking up his children in Bay Village at a house on East Oakland,

but could not give the officer the address. But when Officer Silvia questioned Serina after he stepped out of the car, Serina said that he had picked up Awad on East Oakland and they were going to Cleveland. Officer Silvia said that he asked Serina if there was marijuana in the car. Serina denied that there was marijuana in the car and said that he would not give Officer Silvia permission to search his car. Officer Silvia informed Serina that he did not need his permission due to the smell of marijuana being present and placed Serina in the back of his police car.

{¶8} Officer Fuchs got Dadante out of the vehicle. Dadante locked the car as he got out, just as Serina had. Dadante denied having any knowledge of marijuana being in the car. The officers placed Dadante in the back of Officer Fuchs's police car. The officers then got Awad out of the backseat. As he was exiting the car, Awad tried to lock the car door also, but Officer Silvia stopped him because of the two small children. Awad also denied having any knowledge of marijuana being in the car.

{¶9} Officer Silvia then searched the vehicle. He found a "satchel-type backpack" on the floorboard underneath where Serina's daughter was seated, which was in the middle of the backseat. There were two plastic bags of marijuana in the backpack, along with a Tupperware bowl and digital scale, both having what appeared to have marijuana residue on them. At that point, Officer Silvia arrested all three men and towed the vehicle.

**{¶10}** Officer Silvia attempted to question the three men separately at the police station, but only Awad would talk to him. Awad said that he employed Serina and Dadante, and explained that they were driving to Cleveland to purchase something for his business.

**{¶11}** Serina had $1,095 cash on his person, as well as an iPhone. Dadante had a cell phone and less than $200 on his person. Awad only had a very small amount of cash on his person. Upon impounding the car, the officers found a "blunt cigar," which had marijuana in it, near where Awad was sitting in the backseat, between the pad of the seat and the floorboard. Near that same area of the floorboard or in the back of the passenger seat, they found a pack of Swisher Sweet cigars. Serina's girlfriend owned the vehicle.

**{¶12}** Police tested the marijuana that was in the bags and in the cigar, and confirmed that it was in fact marijuana. The marijuana amounted to a total of 82.5 grams.

**{¶13}** The trial court found Awad and Dadante guilty of only possession, but found Serina guilty of all four counts. The trial court sentenced Serina to two years of community control sanctions for the felonies (drug trafficking and possessing criminal tools) and sentenced him to two years of probation for the misdemeanors (child endangering). It further fined him $500 for each felony, and $250 for one of the misdemeanors, for a total of $1,250. We sua sponte find that the trial court erred in

imposing Serina's sentence, which we will discuss after we address his assignment of error.

## Sufficiency of the Evidence

{¶14} In his sole assignment of error, Serina argues that the state's evidence was not sufficient to convict him of drug trafficking or possession of criminal tools. He argues that there is no evidence that he "prepared the drugs for sale or that the money or scale found in the search were 'possessed with purpose to use criminally in any felony[.]'" He also contends that there was no evidence that it was him and not the other codefendants who possessed the drugs. He does not challenge his convictions for child endangering.

{¶15} When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶16} Pursuant to drug trafficking under R.C. 2925.03(A)(2), "[n]o person shall knowingly * * * [p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to

believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶17} R.C. 2923.24(A) provides that "[n]o person shall possess or have under the person's control any substance, device, instrument, or article, with purpose to use it criminally." As indicted and as pertains to this appeal, the criminal tools at issue include a digital scale and $1,095. Serina was also ordered to forfeit these items.

{¶18} To convict Serina of drug trafficking, the state needed to prove that he knowingly did one of the following: (1) prepared the marijuana for shipment; (2) shipped, transported, or delivered the marijuana; (3) prepared the marijuana for distribution; or (4) distributed the marijuana. *State v. Hatcher*, 8th Dist. No. 70857, 1997 WL 428656 (July 31, 1997).

{¶19} To prove that money is contraband and therefore subject to forfeiture, "the state must demonstrate that is it more probable than not, from all of these circumstances, that the defendant used [the money] in the commission of a criminal offense." *State v. Golston*, 66 Ohio App.3d 423, 431, 584 N.E.2d 1336 (8th Dist.1990).

{¶20} Although this is a close case, for sufficiency purposes, we must view it in a light most favorable to the state. In doing so, we conclude that the evidence was sufficient for a rational trier of fact to find that the essential elements of drug trafficking and possessing criminal tools were proven beyond a reasonable doubt. Packaged marijuana was found in the car Serina was driving. The marijuana was in a backpack,

along with a digital scale and a Tupperware container with what appeared to be marijuana residue in it (the Tupperware was not tested). Serina's girlfriend owned the car and his two children were in it in their car seats. The backpack was found on the floorboard in the back of the car, just below Serina's 18-month-old daughter's feet; she was in a car seat in the middle of the backseat. Further, Serina had $1,095 cash on his person.

{¶21} Although Awad was seated in the backseat, close to where a half-smoked cigar with marijuana in it (i.e., the "blunt") was found, as well as the box of cigars, Awad only had $32 on him. And the other passenger in the front seat had less than $200 on him.

{¶22} Serina cites to two appellate decisions that he claims support vacating his convictions, *State v. Jackson*, 5th Dist. No. 89AP120091, 1991 WL 42507 (May 21, 1991), and *State v. Marlin*, 8th Dist. No. 84399, 2005-Ohio-3691. But we find them to be distinguishable on the facts. In *Jackson*, the state did not seize the packaged marijuana or test it, nor did the state present a digital scale, which is indicative of weighing marijuana to prep it for distribution. *Id.* at *1. And in *Marlin*, a codefendant testified against Marlin in exchange for a reduced charge and said that he had given Marlin $3,500 to hold for him, which this court found was "an amount of money a rational trier of fact could conclude was drug money." *Id.* at ¶ 12. Thus, unlike here, there was more evidence that the codefendant was trafficking, not Marlin. In this case, Serina had $1,095 on his person and his codefendants had much less money on them.

**{¶23}** Accordingly, we conclude that the state presented sufficient evidence of drug trafficking and possessing criminal tools.

**{¶24}** Serina's sole assignment of error is overruled.

<u>Sentence</u>

**{¶25}** Although we affirm Serina's convictions, we sua sponte vacate his sentence and remand for resentencing.

**{¶26}** "Under the Ohio sentencing statutes, the judge lacks the authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 9. Instead, "a judge sentencing a defendant * * * must consider each offense individually and impose a separate sentence for each offense." *Id*.

**{¶27}** Here, the trial court lumped several offenses together in a group. It sentenced Serina to two years of community control for Counts 1 and 2. It sentenced him to two years of probation for Counts 3 and 4. Accordingly, the trial court erred when it sentenced Serina because it did not sentence him separately on each offense.

**{¶28}** Conviction affirmed; sentence vacated and remanded for a new sentencing hearing.

It is ordered that appellee and appellant share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, JUDGE

PATRICIA ANN BLACKMON, A.J., and
FRANK D. CELEBREZZE JR., J., CONCUR